*Durham & Jacobs, for appellant.*

---

## J. H. Dodds v. Bank of Louisville.

**Fraudulent Conveyance of Real Estate.**

Where an insolvent debtor, after eleven o'clock at night, conveys his real estate to grantee who knows he is in failing circumstances, and no cash is paid for such conveyance, but grantor accepts three notes, the first of which does not mature for three years, such conveyance is in fraud of creditors and will be set aside.

APPEAL FROM GRAVES CIRCUIT COURT.

December 9, 1874.

OPINION BY JUDGE LINDSAY:

Cook conveyed to Dodd on the 9th day of August, 1860. The deed was proved and lodged for record between the hours of 11 and 12 o'clock p. m., August 15, 1860. The consideration for the sale and conveyance was $4,050. No part thereof was paid in cash.

The first payment, $1,000, was not to be paid until December 25, 1863. The second payment, $1,000, was to be made December 25, 1864, and the third and last payment, $2,050, on December 25, 1865. Two days after the conveyance to Dodd, Cook openly announced his failure in business and made an assignment to McClure for the benefit of his creditors.

The conveyance to Dodd was assailed upon the ground that it was fraudulent, and made and accepted with the intention to hinder and delay Cook's creditors in the collection of their debts. That such was Cook's intention does not admit of doubt. That the effect of the sale, even if the notes had been turned over to Cook's creditors, would have been to delay them in realizing the value of the land, from three to five years, is equally clear.

If Dodd was aware of Cook's intentions, and participated in his plans with such knowledge, then he can not hold the land, and the judgment of the chancellor is proper. In his answer of November 13, 1863, Dodd says that at the time of the transaction he knew

that Cook and Nance were somewhat involved in debt, and that Cook informed him that he would have to sell the land to meet his debts. With this knowledge he purchased, without paying one cent in cash, and upon such credits as practically put it out of the power of Cook to use the notes given, in the payments of the debts by which he was being pressed.

The explanation of Dodd, and the conduct of himself and Cook are utterly irreconcilable. It can not be that the land was sold and purchased to enable Cook to pay debts. The effect of the sale and purchase was practically to put it out of his power to make either the land or the land notes available for any such purpose. Considering the knowledge of Dodd as to Cook's embarrassments, and the transaction in which he participated, the conclusion can not be escaped, that the parties intended to do that which necessarily followed the sale, in case it is allowed to stand, i. e., to hinder and delay the creditors of Cook, in the collection of their debts.

This was a legal fraud, and the chancellor properly relieved against it. The claims set up by Dodd in the later pleadings filed by him were evidently resurrected for the purpose of the litigation. If Dodd had regarded Cook as being indebted to him in August, 1860, he would not have executed his notes for the purchase price of the land. There is no reason given why the land was not taken in satisfaction, or in part satisfaction of the old partnership indebtedness, if, as matter of fact, Dodd intended to assert it as a claim against Cook. Further than this, he would not have paid off the two notes first due to the trustees of McClure; and more than all this, he would not have waited until November, 1865, five years after the litigation began, to set up his claim.

Upon the whole case, the judgment is right, and it must be *affirmed*.

*A. W. Kingman, for appellant.*
*R. K. Williams, for appellee.*